IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOTAL VIDEO PRODUCTS, INC., *Plaintiff* <br><br> v. <br><br> EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, *Defendant*. | Civil Action No. 13-5600 <br><br> Jury Demanded |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES
TO PLAINTIFF'S COMPLAINT (DOC. NO. 1)**

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"), by its attorneys, hereby Answers and provides Affirmative Defenses to the Complaint of Plaintiff Total Video Products, Inc. (Doc. No. 1) in the above-captioned matter.

**I.      PARTIES**

1.      Denied.  ECFMG is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.      Denied as stated.  ECFMG is a private non-profit entity incorporated in the State of Illinois with its principal place of business at 3624 Market Street, Philadelphia, Pennsylvania 19104.

**II.     JURISDICTION AND VENUE**

3.      Denied.  Paragraph 3 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

4.      Denied.  Paragraph 4 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

### III.      FACTUAL BACKGROUND

5.      Admitted in part and denied in part.  ECFMG admits only that TVP conducts at least some business related to audio visual and video systems.

6.      Admitted in part and denied in part.  ECFMG admits only that it plays certain specific roles with respect to foreign medical school graduates interested in entering graduate medical education in the United States, including in connection with certain examinations.  ECFMG denies that it provides medical education.

7.      Admitted in part and denied in part.  ECFMG admits that it sought proposals for certain services relating to an audio visual and video system, but denies any further description or characterization in Paragraph 7 of the Complaint.

8.      Admitted in part and denied in part.  ECFMG admits that TVP submitted a proposal to ECFMG, but denies any particular dates, description, or characterization in Paragraph 8 of the Complaint.

9.      Admitted.

10.      Admitted in part and denied in part.  ECFMG admits that it and TVP discussed ECFMG's interest in certain products and services from TVP, but denies any description or characterization of that discussion and such products/services in Paragraph 10 of the Complaint.  Exhibit A to Plaintiff's Complaint is a document which speaks for itself.

11.      Admitted in part and denied in part.  ECFMG denies Paragraph 11 to the Complaint to the extent it purports to state legal conclusions to which no responsive pleading is required.  Further, ECFMG admits that it and TVP discussed ECFMG's interest in certain products and services from TVP, but denies any description or characterization of that discussion

and such products/services in Paragraph 11 of the Complaint.  Exhibit B to Plaintiff's Complaint is a document which speaks for itself.

12. Denied.  Paragraph 12 of the Complaint purports to state legal conclusions to which no responsive pleading is required.  Further, Exhibits A and B to Plaintiff's Complaint are documents which speak for themselves.

13. Admitted in part and denied in part.  ECFMG admits that it and TVP discussed terms and prices, but denies any description or characterization of that discussion in Paragraph 13 of the Complaint.

14. Denied.

15. Admitted in part and denied in part.  ECFMG admits that it was provided with at least one invoice from TVP, but denies any description or characterization of such document(s) in Paragraph 15 of the Complaint.  Exhibit C to Plaintiff's Complaint is a document which speaks for itself.

16. Denied.  Exhibit C to Plaintiff's Complaint is a document which speaks for itself.

17. Admitted in part and denied in part.  ECFMG admits that it has paid TVP substantial sums in connection with products and services TVP did and was to provide, but ECFMG denies any description or characterization of such payment(s) in Paragraph 17 of the Complaint.

18. Admitted in part and denied in part.  ECFMG admits only that there remains a balance outstanding for some work TVP has not yet completed at all and/or has not yet completed satisfactorily.  ECFMG denies all other description or characterization in Paragraph 18 of the Complaint.

19. Denied. Paragraph 19 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

## COUNT I
## BREACH OF CONTRACT

20. ECFMG incorporates by references its responses to Paragraphs 1 through 19 above.

21. Denied. Paragraph 21 of the Complaint purports to state legal conclusions to which no responsive pleading is required. Further, Exhibits A and B to Plaintiff's Complaint are documents which speak for themselves.

22. Admitted in part and denied in part. ECFMG denies Paragraph 22 of the Complaint to the extent it purports to state legal conclusions to which no responsive pleading is required. ECFMG admits only that it hired TVP to provide certain products and to perform certain services and has paid TVP substantial sums in connection therewith. ECFMG denies any further characterization or description in Paragraph 22 of the Complaint.

23. Denied. Paragraph 23 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

24. Denied. Paragraph 24 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

25. Denied. Paragraph 25 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

WHEREFORE, ECFMG denies that it is liable on Plaintiff's Count I and demands judgment dismissing Plaintiff's Complaint in its entirety with prejudice, and awarding ECFMG reimbursement of costs and attorneys' fees incurred in defending this suit, and such further relief as the Court may deem proper.

## COUNT II
### QUANTUM MERUIT (in the alternative)

26. ECFMG incorporates by references its responses to Paragraphs 1 through 25 above.

27. Admitted in part and denied in part. ECFMG admits only that it hired TVP to provide certain products and perform certain services and has paid TVP substantial sums in connection therewith. ECFMG denies any further characterization or description in Paragraph 27 of the Complaint.

28. Admitted in part and denied in part. ECFMG admits only that it hired TVP to provide certain products and perform certain services and has paid TVP substantial sums in connection therewith. ECFMG denies any further characterization or description in Paragraph 28 of the Complaint.

29. Admitted in part and denied in part. ECFMG admits only that it hired TVP to provide certain products and perform certain services and paid TVP in connection therewith. ECFMG denies any further characterization or description in Paragraph 29 of the Complaint.

30. Denied.

31. Denied. Paragraph 31 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

WHEREFORE, ECFMG denies that it is liable on Plaintiff's Count II and demands judgment dismissing Plaintiff's Complaint in its entirety with prejudice, and awarding ECFMG reimbursement of costs and attorneys' fees incurred in defending this suit, and such further relief as the Court may deem proper.

## COUNT III
## PENNSYLVANIA CONTRACTOR AND SUBCONTRACTOR PAYMENT ACT
## 73 Pa. C.S. § 501, *et seq.*

32. ECFMG incorporates by references its responses to Paragraphs 1 through 31 above.

33. Denied. Paragraph 33 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

34. Admitted in part and denied in part. ECFMG denies Paragraph 34 of the Complaint to the extent it purports to state legal conclusions to which no responsive pleading is required. ECFMG admits only that it hired TVP to provide certain products and perform certain services and has paid TVP substantial sums in connection therewith. ECFMG denies any further allegations or characterizations in Paragraph 34 of the Complaint. Further, work remains that TVP has not yet completed at all and/or has not yet completed satisfactorily.

35. Denied. Paragraph 35 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

36. Denied. Paragraph 36 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

37. Denied.

38. Denied.

39. Denied. Paragraph 39 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

40. Denied. Paragraph 40 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

WHEREFORE, ECFMG denies that it is liable on Plaintiff's Count III and demands judgment dismissing Plaintiff's Complaint in its entirety with prejudice, and awarding ECFMG reimbursement of costs and attorneys' fees incurred in defending this suit, and such further relief as the Court may deem proper.

## AFFIRMATIVE DEFENSES OF DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES

First Affirmative Defense

Plaintiff fails to state any claim upon which relief may be granted.

Second Affirmative Defense

Plaintiff failed to satisfy conditions precedent to the relief Plaintiff seeks.

Third Affirmative Defense

Plaintiff breached an agreement with ECFMG.

Fourth Affirmative Defense

ECFMG's actions or omissions were justified and/or necessary.

Fifth Affirmative Defense

To the extent Plaintiff has been damaged, which ECFMG denies, all such damage was proximately and directly caused by Plaintiff's own acts and/or omissions.

Sixth Affirmative Defense

To the extent Plaintiff has been damaged, which ECFMG denies, all such damage was proximately and directly caused by acts or omissions by others, not ECFMG.

Seventh Affirmative Defense

Plaintiff's claims are limited and/or barred by Plaintiff's failure to act in good faith.

Eighth Affirmative Defense

Plaintiff's claims are limited and/or barred because Plaintiff seeks unjust enrichment.

Ninth Affirmative Defense

Plaintiff's claims are limited and/or barred by virtue of Plaintiff's deficient performance, fraud, deceit, or misrepresentation.

Tenth Affirmative Defense

Plaintiff's claims are limited and/or barred by the doctrine of unclean hands.

Eleventh Affirmative Defense

Plaintiff's claims are limited and/or barred by the doctrine of equitable estoppel.

Twelfth Affirmative Defense

Plaintiff's claims are limited and/or barred by the doctrine of substantial compliance.

Thirteenth Affirmative Defense

Plaintiff's claims are limited and/or barred because of a unilateral or bilateral mistake.

Fourteenth Affirmative Defense

Plaintiff's claims are limited and/or barred by the doctrine of accord and satisfaction.

Fifteenth Affirmative Defense

Plaintiff's claims are limited and/or barred because of Plaintiff's frustration of purpose.

Sixteenth Affirmative Defense

Plaintiff's claims are limited and/or barred because of Plaintiff's failure to join an indispensible party.

Seventeenth Affirmative Defense

Plaintiff does not qualify for any relief under the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. § 501, *et seq.*

Eighteenth Affirmative Defense

>Plaintiff failed to mitigate damages.

Nineteenth Affirmative Defense

>Imposing penalties and attorneys' fees would be improper.

Twentieth Affirmative Defense

>Finding in Plaintiff's favor would be contrary to public policy.

## RESERVATION OF RIGHTS

ECFMG reserves the right to include any such other defenses as it may deem appropriate after discovery in this matter.

Respectfully submitted,

Dated: October 18, 2013         /s/ Brian W. Shaffer

Brian W. Shaffer
Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:  215.963.5103
bshaffer@morganlewis.com

*Attorneys for Defendant Educational Commission for Foreign Medical Graduates*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant Educational Commission For Foreign Medical Graduates to Plaintiff's Complaint was served this 18th day of October, 2013 via electronic filing and first-class U.S. mail, postage prepaid upon the following:

>Sandhya M. Feltes, Esq.
>Union Meeting Corporate Center
>910 Harvest Drive
>Blue Bell, PA 19422
>
>*Attorney for Plaintiff Total Video Products, Inc.*

Dated: October 18, 2013            /s/ Brian W. Shaffer

>Brian W. Shaffer
>Elisa P. McEnroe
>MORGAN, LEWIS & BOCKIUS LLP
>1701 Market Street
>Philadelphia, PA  19103-2921
>Telephone:  215.963.5103
>
>*Attorneys for Defendant Educational Commission for Foreign Medical Graduates*